UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | 1:10-CR-94 |
| v. | ) | |
| | ) | Collier/Lee |
| PATRICK M. JACKSON | ) | |

## **MEMORANDUM**

Defendant Patrick Jackson ("Defendant") moved to suppress ammunition seized during the warrantless search of his bedroom (Court File No. 10). This motion was referred to United States Magistrate Judge Susan K. Lee, who held a hearing and subsequently filed a report & recommendation ("R&R") recommending Defendant's motion be denied (Court File No. 23). Defendant filed an objection (Court File No. 24). Defendant also filed a motion and amended motion for leave to late file exhibits (Court Files No. 25, 26). The Court will **GRANT** Defendant's amended motion to late file exhibits (Court File No. 26). For the following reasons, the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 23). Accordingly, Defendant's motion to suppress will be **DENIED** (Court File No. 10).

### I. RELEVANT FACTS

Neither party challenges the Magistrate Judge's account of the testimony and evidence presented at the hearing, which the Court hereby adopts by reference (Court File No. 23, pp. 1-5). The Court will only set forth the facts necessary to this Memorandum. Defendant is charged as a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). On the afternoon of February 16, 2010, Chattanooga Police Department ("CPD") officers Lewis Davis and Curtis Penny responded to a residence at 2015 Raulston Street in Chattanooga after the CPD received a narcotics-

related call from Rivera Abernathy ("Ms. Abernathy"). Defendant and his girlfriend are the only individuals listed on the lease for this residence.[1] Ms. Abernathy is the mother of Defendant's girlfriend. According to Defendant, Ms. Abernathy did not live at the residence, but had been invited into the home by her grandson, a resident, although Defendant had since told her to leave.

Upon arriving at the residence, but before entering, Officer Davis encountered Defendant and Ms. Abernathy. Ms. Abernathy complained Defendant was smoking marijuana in the house with her daughter. Defendant admitted he had just smoked marijuana, stating he had a right to do so in his own house. Ms. Abernathy then invited Officer Davis into the residence. Once inside the residence, Officer Davis immediately smelled marijuana and asked Defendant where he had been smoking. Defendant replied he had been smoking in his bedroom, and invited Officer Davis into his bedroom to show him an ashtray with the remnants of a marijuana blunt. Officer Davis then asked Defendant whether there was more marijuana present.

At this point, the parties' accounts of the facts diverge. According to Officer Davis's testimony, he asked Defendant for consent to search the bedroom, which Defendant granted. During the search of the bedroom, Ms. Abernathy was present, pointing out items she believed were stolen or otherwise illegal. At some point, either Officer Davis found or Ms. Abernathy handed him a black bag containing several different kinds of ammunition and two small bags of marijuana. Officer Davis asked Defendant who the ammunition and marijuana belonged to, and Defendant admitted they were his. Defendant said he had intended to sell the ammunition. Officer Davis did

---

[1] For purposes of her analysis, Magistrate Judge Lee assumed Ms. Abernathy was not listed on the lease. A late-filed exhibit has since confirmed this assumption (Court File No. 26-1, p. 1).

2

not have Defendant sign a consent form because he did not have one with him at the time. However, Officer Davis believes Defendant fully understood his request for consent to search the bedroom. Officer Davis testified he believed Ms. Abernathy lived in the residence. He had encountered her there in the past, and he knew her daughter and other family members lived there. Furthermore, Officer Davis observed no objection from Defendant when Ms. Abernathy invited him into the residence.

According to Defendant, he did not give consent to search his bedroom. After showing Officer Davis the remnant of the marijuana blunt in his bedroom and telling Officer Davis he did not have any more, Defendant claims he was removed from the bedroom and placed in handcuffs on the sofa in the front room of the house. While handcuffed on the sofa, Defendant observed Officer Davis enter his bedroom several times with Ms. Abernathy. Ms. Abernathy was apparently handing items to Officer Davis. With respect to the ammunition, Defendant claims he heard Ms. Abernathy leave the residence, and then come back with a small black bag containing ammunition. Defendant denies the ammunition was his, denies admitting to Officer Davis the ammunition was his, and denies telling Officer Davis he planned to sell it. Defendant further denies he was ever asked for or gave consent to search his bedroom. Defendant believes Officer Davis had been to his residence at least once before, in response to a 2009 domestic violence incident between Ms. Abernathy and her daughter. Defendant believes Officer Davis was shown a lease at that time, which did not list Ms. Abernathy as a tenant.

II. **STANDARD OF REVIEW**

This Court must conduct a *de novo* review of those portions of the R&R to which objection

is made, 28 U.S.C. § 636(b)(1)(C). But *de novo* review does not require the district court rehear witnesses whose testimony has been evaluated by the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). The Magistrate Judge, as the factfinder, had the opportunity to observe and hear the witnesses and assess their demeanor, putting her in the best position to determine credibility. *Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264 (6th Cir. 1999). The Magistrate Judge's assessment of witnesses' testimony is therefore entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003).

## III. DISCUSSION

Insofar as his brief objecting to the R&R simply lists facts Defendant believes support suppression, it appears Defendant's objections are essentially a reiteration of his basic argument on the motion to suppress: the seizure of the ammunition was illegal because, first, Ms. Abernathy did not have authority to invite Officer Davis into the residence, and second, Defendant did not consent to the search of his bedroom.

### A. Ms. Abernathy's Apparent Authority

In his objection to the R&R, Defendant simply states "[t]he search was without a warrant, allegedly by permission of [Defendant's] girlfriend's mother who did not live there" (Court File No. 24, ¶ 2). The intended upshot of this fact, the Court assumes, is Ms. Abernathy therefore lacked authority to invite Officer Davis into Defendant's residence.

In her R&R, Magistrate Judge Lee assumed Ms. Abernathy was not named on the lease. She nonetheless concluded, "that even if Ms. Abernathy did not have actual authority to consent to the warrantless entry to the front room, a common room, of the residence, Officer Davis reasonably and

4

in good faith believed Ms. Abernathy had the authority to do so" (Court File No. 23, p. 9). This conclusion is consistent with Fourth Amendment law and is supported by the facts.

Although the Fourth Amendment generally prohibits warrantless entry of a person's home to make a search, the prohibition is not absolute. It has long been settled the prohibition does not apply where voluntary consent is obtained, whether from one whose property is searched, *see Schneckloth v. Bustamonte*, 412 U.S. 218 (1973), or from one who possesses common authority over the premises, *see United States v. Matlock*, 415 U.S. 164 (1974). More recently, the Supreme Court has clarified a search is permissible when police rely on consent given by someone with *apparent* authority, even if that person does not possess *actual* authority to consent. *See Illinois v. Rodriguez*, 497 U.S. 177 (1990). So long as the officer's belief the person has authority to consent to the search is reasonable, the search does not run afoul of the Fourth Amendment. *See id.* at 186 ("The Constitution is no more violated when officers enter without a warrant because they reasonably (though erroneously) believe that the person who has consented to their entry is a resident of the premises, than it is violated when they enter without a warrant because they reasonably (though erroneously) believe they are in pursuit of a violent felon who is about to escape.").

Here, the Magistrate Judge found Officer Davis reasonably and in good faith relied on Ms. Abernathy's apparent authority to consent to warrantless entry of the front room. Officer Davis testified he had encountered Ms. Abernathy at the residence before, and he knew her daughter and other family members lived there. He further testified Defendant did not object when Ms. Abernathy invited him into the residence. Although Defendant testified he thought Officer Davis had seen the lease on a prior occasion in 2009 and therefore *should* have known Ms. Abernathy lacked authority to consent to warrantless entry of the front room, the Magistrate Judge concluded

Officer Davis's testimony was more credible than Defendant's.[2] Specifically, the Magistrate Judge noted Defendant's testimony was inconsistent and confusing, while Officer Davis's was consistent and reasonable. This is precisely the sort of determination the Magistrate Judge, as factfinder, is in the best position to make. *Moss* 286 F.3d at 868. The Court concludes the Magistrate Judge correctly found Officer Davis reasonably and in good faith relied on Ms. Abernathy's apparent authority to consent to warrantless entry of the front room. Such entry, therefore, did not violate Defendant's Fourth Amendment rights.

**B.     Defendant's Consent**

Defendant asserts he did not consent to the search of his bedroom. Contrarily, Officer Davis testified he asked for and received permission from Defendant to search his bedroom. As addressed above, voluntary consent from one whose property is to be searched allows that search to take place without a warrant. *See Rodriguez*, 497 U.S. at 181; *United States v. Moon*, 513 F.3d 527, 537 (6th Cir. 2008). "It is the Government's burden by a preponderance of the evidence, to show through clear and positive testimony that valid consent was obtained." *United States v. Hinojosa*, 606 F.3d 875, 881 (6th Cir. 2010) (citation omitted).

The Magistrate Judge recognized her determination would turn on which of the antithetical testimony she credited. She concluded, based on the testimony and her observation of the witnesses' demeanor, that Officer Davis's testimony was credible and Defendant's was not. The Magistrate Judge specifically noted that while Officer Davis's testimony was never impeached or discredited, Defendant, who at times appeared to think Officer Davis was Officer Penny, gave confusing and

---

[2]The late-filed "to whom it may concern" letter by Defendant's landlord stating Ms. Abernathy had been evicted and should stay off the property does not alter the analysis (Court File No. 26-1, p. 2). There is no evidence Officer Davis ever saw this letter.

inconsistent testimony.

The Magistrate Judge's credibility determination is supported by substantial evidence and is not clearly erroneous. It was within her province to credit the testimony of Officer Davis. She was also entitled to find Defendant less than credible, especially given the inconsistent and confused nature of his testimony. The Court concludes the Magistrate Judge properly credited Officer Davis's testimony that Defendant consented to the search of his bedroom. The seizure of his ammunition, therefore, did not violate Defendant's Fourth Amendment rights.

**IV.    CONCLUSION**

After reviewing the record, the Court finds the Magistrate Judge properly concluded Officer Davis reasonably relied on Ms. Abernathy's apparent authority to consent to a warrantless entry of the residence, and subsequently entered and searched Defendant's bedroom with his voluntary consent. As such, the search of Defendant's bedroom and seizure of his ammunition was reasonable and constitutional. Accordingly, the Court will **ACCEPT** and **ADOPT** the R&R (Court File No. 23). Defendant's motion to suppress will be **DENIED** (Court File No. 10).

An Order shall enter.

**/s/**
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**